**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
*Tampa Division*
www.flmb.uscourts.gov

IN RE:                                                            Chapter 11

CCI HOLDINGS GROUP, LLC,              Case No.: 8:23-bk-02988-CPM

       Debtor.                          /

**MOTION FOR AUTHORITY TO USE CASH**
**COLLATERAL RETROACTIVE TO THE PETITION**
**DATE AND PROVIDING ADEQUATE PROTECTION**

**COMES NOW**, CCI HOLDINGS GROUP, LLC (the "Debtor"), by and through its undersigned counsel, files this its Motion for Authority to Use Cash Collateral Retroactive to the Petition Date and Providing Adequate Protection pursuant to §§ 105 and § 363(c)(2)(B) of Title 11 of the Bankruptcy Code, 11 U.S.C. § 101, et. seq. as amended (the "Bankruptcy Code") and Rules 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested is 11 U.S.C. §§ 105 and 363 and Rule 4001(d)(1)(D), Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On July 14, 2023, the Debtor filed its voluntary petition under Subchapter V of

Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtor is managing its financial affairs as a Debtor-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. Ruediger Mueller has been appointed as the Subchapter V Trustee.

5. Upon information and belief the following creditor may claim blanket liens against the Debtor's assets:

| Claimant | Claim Amount | UCC-1 Filing Date |
|---|---|---|
| C T Corporation System, as representative | Unknown | 10/07/2022 |
| C T Corporation System, as representative | Unknown | 02/03/2023 |
| C T Corporation System, as representative | Unknown | 02/06/2023 |
| Corporation Service Company, as representative | Unknown | 02/10/2023 |
| Corporation Service Company, as representative | Unknown | 05/09/2023 |

(the "Secured Creditors"). The Debtor reserves the right to challenge the validity, priority and extent of the Secured Creditors' liens against the Debtor's assets.

6. The Debtor estimates that the collective claims of the Secured Creditors are secured by $285,613.81 (the "Secured Creditor Assets"). The Secured Creditor Assets include $112,512.17 in cash and $173,101.64 in accounts receivable (the "Cash Collateral").

**RELIEF REQUESTED**

7. The Debtor seeks an order of this Court authorizing the Debtor to use cash, accounts receivable and other income derived from the Debtor's operations to fund its operating expenses and costs of administration in this Chapter 11 case for the duration of the chapter 11 case (the "Cash

Collateral") pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 4001(b)(2) and Local Rule 4001-3, since any cash collateral generated by the Debtor may constitute the cash collateral of the Secured Creditors.

**Terms and Use of Cash Collateral and Offer of Adequate Protection**

8. In order for the Debtor to remain in business, it is imperative that it have the use of the Cash Collateral.

9. As adequate protection for the use of cash collateral, Debtor offers the Secured Creditors the following:

   a. Post-petition replacement liens on the Secured Creditor Assets to the same extent, validity, and priority as existed pre-petition;

   b. The right to inspect the Secured Creditor Assets on forty-eight (48) hours notice, provided that said inspection does not interfere with the operations of the Debtor; and

   c. Copies of monthly financial documents generated in the ordinary course of business and other information as the Secured Creditors reasonably request with respect to the Debtor's operations.

**Purposes for the Use of Cash Collateral and Cash Flow Budget**

10. The Debtor must have access to and authorization to use the Cash Collateral in the amounts and for the purposes set forth in the budget, attached as Exhibit "A" to this Motion (the "Budget"). The use of such Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtor's estate. The Cash Collateral will be used to maintain business operations and preserve value of the estate. Among other things, the Debtor proposes to use Cash Collateral in accordance

with the Budget for payment of necessary owner/operators, employees, supplies, and ordinary business expenses related to its operations. This Motion is filed without prejudice to the Debtor's right to request further authority to use Cash Collateral in excess of the amounts sought herein.

11. The Debtor requests authority to use Cash Collateral immediately to pay the expenses set forth in the Budget as payment of such expenses is necessary to maintain its business, maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its estate.

12. In order to ensure that the Debtor operates effectively throughout this bankruptcy proceeding, the Debtor also requests permission to:

    (a) exceed any line item on the budget by an amount equal to ten percent (10%) of each such line item; or

    (b) to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total budget.

**WHEREFORE**, CCI HOLDINGS GROUP, LLC, the Debtor, respectfully requests that this Honorable Court (i) enter an order granting this Motion on an interim basis retroactive to the Petition Date; (ii) authorizes the Debtor's use of Cash Collateral in accordance with the Budget and to provide related adequate protection; (iii) permitting the Debtor to deviate from the Budget in the amount of ten percent (10%) to the extent necessary; (iv) scheduling a Final Hearing in order to authorize the Debtor's use of cash collateral; and (v) granting such other and further relief as the Court shall deem just and proper.

**RESPECTFULLY SUBMITTED**, on this 18th day of July, 2023.

                        BUDDY D. FORD, P.A.,

                        /s/ Buddy D. Ford
                        Buddy D. Ford, Esquire (FBN: 0654711)
                        Email: *Buddy@tampaesq.com*
                        Jonathan A. Semach, Esquire (FBN: 0060071)
                        Email: *Jonathan@tampaesq.com*
                        Heather M. Reel, Esquire (FBN: 0100357)
                        Email: *Heather@tampaesq.com*
                        9301 West Hillsborough Avenue
                        Tampa, Florida  33615-3008
                        Telephone #: (813) 877-4669
                        Office Email: *All@tampaesq.com*
                        Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of July, 2023, true and correct copy of the foregoing has been furnished by electronic mail upon all currently registered users in this case by the Court's CM/ECF and, by U.S. Mail to:

CCI Holdings Group, LLC, 2451 N. McMullen Booth Rd., Suite 241, Clearwater, FL 33759

C T Corporation System, as representative, 330 N Brand Blvd, Suite 700, Attn: SPRS, Glendale, CA 91203

CT Corporation System, c/o The Corporation Company, Registered Agent, 1200 South Pine Island Road, Plantation, FL 33324

CT Corporation System, c/o John Weber, President, 28 Liberty St., New York, NY 10005

Corporation Service Company, as representative, PO Box 2576, Springfield, IL 62708

Corporation Service Company, c/o The Prentice-Hall Corporation System, Inc., Registered Agent, 1201 Hays Street, Tallahassee, FL 32301

Corporation Service Company, c/o Rodman Ward, III, President, 251 Little Falls Drive, Wilmington, DE 19808

                              /s/ Buddy D. Ford
                              Buddy D. Ford, Esquire (FBN: 0654711)
                              Email: *Buddy@tampaesq.com*